**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. OSCAR ARMANDO ROMERO, Defendant-Appellant. | No. 20-10093 D.C. No. 3:19-cr-00086-WHO-1 MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, III, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Oscar Armando Romero appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Romero contends that the district court erred when it imposed a two-level adjustment under U.S.S.G. § 3B1.2(b) for being a minor participant, instead of a four-level adjustment for being a minimal participant under U.S.S.G. § 3B1.2(a). We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The district court applied the correct legal standard in denying the minimal role reduction. The standard was discussed in the parties' sentencing memoranda and again at sentencing, and the district court showed its knowledge of the applicable standards when it determined that a minor role adjustment, rather than a minimal role adjustment, was warranted. Moreover, the district court did not abuse its discretion in determining that, while Romero played a minor role in the offense, he was not "plainly among the least culpable of those involved in the conduct of [the] group." U.S.S.G. § 3B1.2 cmt. n.4. As the district court observed, the large quantity of drugs Romero was tasked with delivering and his language during a call with the confidential informant suggested that he was not a minimal participant. Contrary to Romero's argument, the district court did not deny the minimal role reduction solely on the basis of drug quantity, and its consideration of that factor was not erroneous. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (list of factors

district court must consider to determine mitigating role adjustment is "non-exhaustive" and final determination "is heavily dependent upon the facts of the particular case"); *United States v. Rodriguez-Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011) (district court was "justifiably skeptical that this amount of drugs would be entrusted to a minor player").

    **AFFIRMED.**